

# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

**MARK SANFORD**
Governor

**SCOTT H. RICHARDSON**
Director of Insurance

December 21, 2009

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
TRAVELERS INDEMNITY CO
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201-0000

Dear Sir:

On December 21, 2009, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70 (Supp. 2003). By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270 (Supp. 2003). I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process**. When replying, please refer to File Number 140759, <u>Trident Construction Co., Inc., et al.</u> v. <u>TRAVELERS INDEMNITY CO, et al.</u>, 2009-CP-10-7828.

By:

*Jeffrey Jacobs* (signature)

Jeff Jacobs
Chief Legal Counsel
(803)737-6200

Sincerely Yours,

Scott Richardson
Director
State of South Carolina
Department of Insurance

Attachment

CC:   G. Trenholm Walker
       Post Office Drawer 22247
       Charleston, SC   29413-2247

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| TRIDENT CONSTRUCTION CO., INC., et al., | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2009-CP – 10- 7828 |
| vs. | ) | |
| | ) | |
| TRAVELERS INDEMNITY COMPANY, et al., | ) | |
| Defendant(s) | ) | |

(Please Print)
Submitted By: G. TRENHOLM WALKER
Address: PRATT-THOMAS WALKER, P.A.
P.O. DRAWER 22247
CHARLESTON, SC 29413-2247

SC Bar #:      5777
Telephone #:   843.727.2208
Fax #:         843.727.2231
Other:
E-mail:        gtw@p-tw.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.   ☒ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | 20___-CP-___-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Administrative Law Judge (980) |
| Special/Complex /Other | | | ☐ Public Service Commission (990) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: /s/ G. Trenholm Walker    Date: Dec 16, 2009

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (10/09)                                                                 Page 1 of 2

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | COURT OF COMMON PLEAS |
| | ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | CASE NO.: 2009-CP-10-_____ |
| | ) | |
| TRIDENT COSNTRUCTION CO., INC. | ) | |
| and NEMLORP, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| TRAVELERS INDEMNITY COMPANY, | ) | |
| ST. PAUL FIRE & MARINE | ) | |
| INSURANCE COMPANY, and | ) | |
| PHOENIX INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

[FILED stamp: 2009 DEC 16 PM 4:29, JULIE J. ARMSTRONG, CLERK OF COURT]

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

PRATT-THOMAS WALKER, P.A.

BY: /s/ G. Trenholm Walker
G. Trenholm Walker
Daniel S. McQueeney
Post Office Drawer 22247
Charleston, South Carolina 29413-2247
Phone:     843/727-2200
gtw@p-tw.com
dsm@p-tw.com
ATTORNEYS FOR PLAINTIFF

December 16, 2009
Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | COURT OF COMMON PLEAS |
| ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO.: 2009-CP-10-_____ |
| ) | |
| TRIDENT COSNTRUCTION CO., INC. ) | |
| and NEMLORP, LLC, ) | |
| ) | |
| Plaintiffs, ) | **COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| TRAVELERS INDEMNITY COMPANY, ) | |
| ST. PAUL FIRE & MARINE ) | |
| INSURANCE COMPANY, and ) | |
| PHOENIX INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff alleges and states as follows:

1. Plaintiff Trident Construction Co., Inc., ("Trident") is a corporation organized and existing under the laws of South Carolina doing business as a general contractor with its principal place of business in Charleston County.

2. Plaintiff NEMLORP, LLC ("NEMLORP") is a limited liability company organized and existing under the laws of South Carolina.

3. The Defendants, Travelers Indemnity Company, St. Paul Fire & Marine Insurance Company, and Phoenix Insurance Company, issued commercial general liability policies to Trident for the following policy periods:

    Primary Policies:    DT-CO-812C2475-PHX-00 (10/01/00 to 10/01/01)
                         DT-CO-812C2475-PHX-01 (10/01/01 to 11/01/01)
                         KK03200503 (11/01/01 to 11/01/02)
                         KC03200001 (11/01/02 to 11/01/03)
                         KC03200049 (11/01/03 to 11/01/04)
                         KC03200063 (11/01/04 to 11/01/05)
                         DT-CO-1116C59A-IND-05 (11/01/05 to 07/01/06)

1

    Excess Policies:    DTSMCUP812C2463 (10/01/00-10/01/01)
                                    DTSMCUP812C2463 (10/01/01-11/01/01)
                                    KK03200503 (11/01/01-11/01/02)
                                    KK03200001 (11/01/02-11/01/03)
                                    DTSCCUP-1116C59A (11/1/05-07/01/06)

4. In early 1998, Trident, as general contractor, entered a contract with NEMLORP, as owner, to construct a five-story office building over parking at 28 Bridgeside Boulevard, Mount Pleasant, South Carolina (hereinafter the "Project").

5. In 2007, NEMLORP brought a civil action against Trident and others in the Court of Common Pleas for Charleston County, Case No.: 07-CP-10-3599, alleging that Trident's construction of the Project through its subcontractors resulted in property damage to NEMLORP occurring after Trident's completion of operations for the Project.

6. Trident had previously tendered notice of NEMLORP's claim to the Defendants on or about August 30, 2006.

7. Because the contract between Trident and NEMLORP provided for arbitration of disputes, the claims of NEMLORP asserted in the civil action against Trident were transferred to arbitration before a panel of three arbitrators.

8. NEMLORP asserted damages resulting from then alleged defective work by Trident's subcontractors and others of approximately $15 million. Because of Defendants' reservations of rights Trident was forced to hire an attorney, Andrew K. Epting, Jr., to defend its interests.

9. The Defendants ultimately agreed to retain the firm of Lyles & Lyles to defend Trident, under reservation of rights.

10. The Defendants did not undertake to negotiate a resolution of the claims against Trident by NEMLORP. Instead, the Defendants concentrated their efforts on arguing that there was no coverage for any of the claims asserted by NEMLORP under their respective policies even though the claims specifically alleged property damage covered by their policies or agreeing that the case should be resolved by the insurers of the various subcontractors.

11. The arbitration hearing on the claims of NEMLORP against Trident started on July 13, 2009, and concluded on July 17, 2009.

12. Approximately two days after the commencement of the arbitration hearing Trident negotiated with NEMLORP to try to resolve the claims. Trident was willing to perform a scope of repair work agreed upon by NEMLORP, in exchange for a release of Trident, provided the Defendants paid $750,000 towards the cost of the repair work. The exposure of the final repair was in excess of $2,000,000. Alternatively, Trident asked the Defendants to pay $250,000 and assume the risk that the final repairs exceeded this sum. The Defendants refused both offers. Additionally, the amount Trident proposed the Defendants contribute to the settlement was significantly less than the claimed property damage and would have eliminated Trident's multi-million dollar exposure on a potential arbitration award in favor of NEMLORP and allowed the Defendants to pursue claims to recover amounts paid for the settlement from the subcontractors. For these and other reasons, this proposed settlement was reasonable in every respect.

13. The Defendants refused to settle the case under terms acceptable as aforesaid and, instead, offered only to pay $200,000 to settle the claims of NEMLORP. $200,000 was entirely unrealistic and unreasonable in light of the gross value of the claims asserted against Trident by NEMLORP and the portion of those claims constituting property damage under the Defendants' policies.

14. The arbitrators adjourned the proceeding on July 17, 2009, and informed the parties that they would render an award on or about August 31, 2009.

15. Faced with the possibility of a multi-million dollar award against it and the Defendants' refusal to pay more than $200,000, Trident negotiated a settlement of its liability to NEMLORP that included a confession of judgment of $1,400,000, a copy of the confession of judgment is attached hereto as Exhibit 1.

16. Among the many considerations of Trident in entering the confession of judgment was its concern that an award by the arbitrators in the amount sought by NEMLORP would ruin Trident in every respect, destroying more than 30 years of building its business and its reputation as one of the premier construction companies in this region.

17. Trident incurred significant defense expenses that have not been reimbursed by the Defendants, even though Defendants have, and had, a duty to defend Trident from the claims of NEMLORP under their policies.

### FOR A FIRST CAUSE OF ACTION

18. Trident and NEMLORP reallege their previous allegations as if fully set forth herein.

4

19. Trident and NEMLORP are entitled to a declaratory judgment adjudicating that the policies of the Defendants provide coverage for the claims of NEMLOP against Trident and that Defendants are obligated to pay Trident's attorneys' fees and costs and to indemnify them for the full amount of the confession of judgment plus interest.

## FOR A SECOND CAUSE OF ACTION

20. Trident and NEMLORP reallege their previous allegations as if fully set forth herein.

21. The Defendants breached their policies by failing to pay the full defense costs incurred by Trident, failing and refusing to settle the NEMLORP claims, and failing to agree to pay the full amount of the covered property damages NEMLORP claimed against Trident, and failing to agree to indemnify Trident for the full value of NEMLORP's damages covered by their policies.

22. Trident and NEMLORP are entitled to judgment against the Defendants for the full value of the confession of judgment, Trident's attorneys' fees and costs, and other actual damages caused by Defendants' breach of their policies.

## FOR A THIRD CAUSE OF ACTION

23. Trident and NEMLORP reallege their previous allegations as if fully set forth herein.

24. In their defense and handling of the NEMLORP claims against Trident, the Defendants had a duty to sacrifice their interests for the interests of Trident, their policy holder.

5

25. Instead, the Defendants acted unreasonably and in bad faith in their purported defense of Trident, placing their interests over those of Trident in an effort to avoid their true liability under the policies and seeking to pressure Trident to pay for losses that were in fact covered under the policies.

26. The Defendants acted in gross disregard of Trident, its policy holder.

27. As a result of the Defendants' bad faith and unreasonable refusal to settle, Trident and NEMLOPR are entitled to judgment against the Defendants for the full value of the confession of judgment, Trident's attorneys' fees and costs, and other actual damages, including all consequential damages, as well as punitive damages.

## FOR A FOURTH CAUSE OF ACTION

28. Trident and NEMLORP reallege their previous allegations as if fully set forth herein.

29. That under S.C. Code 38-59-40, Trident and NEMLORP are entitled to recover their attorneys' fees for prosecuting this action.

30. Under the common law of South Carolina, Trident and NEMLORP are entitled to recover their attorneys' fees and costs in prosecuting this action.

31. Trident and NEMLORP are entitled to judgment against the Defendants for their attorneys' fees and costs in prosecuting this action.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants as described above, for their attorneys' fees and costs, and for such other and further relief as the court deems just and proper.

PRATT-THOMAS WALKER, P.A.

BY: /s/ G. Trenholm Walker
G. Trenholm Walker
Daniel S. McQueeney
Post Office Drawer 22247
Charleston, South Carolina 29413-2247
Phone:    843/727-2200
gtw@p-tw.com
dsm@p-tw.com

ATTORNEYS FOR PLAINTIFF

December ___, 2009

Charleston, South Carolina

08-21-2009   11:08   FROM-Trident Construction Company   8437641704   T-192   P.002/005   F-486

STATE OF SOUTH CAROLINA            )   IN THE COURT OF COMMON PLEAS
                                   )   CASE NO. 07-CP-10-3599
COUNTY OF CHARLESTON               )

NEMLORP LLC,                       )
                   Plaintiff,      )
                                   )
vs.                                )
                                   )
TRIDENT CONSTRUCTION CO., INC., OF )
CHARLESTON and McKELLAR &          )   CONFESSION OF JUDGMENT
ASSOCIATES, INC.,                  )
                                   )
                   Defendants.     )

**EXHIBIT 1**

PERSONALLY APPEARED BEFORE ME John David Griffith, who being duly sworn, deposes and states as follows:

1. I am the Vice President of Defendant Trident Construction Company ("Trident"), and provide this Confession of Judgment on behalf of Defendant Trident.

2. This Confession of Judgment is given based upon the terms of an agreement set forth in Exhibit A.

3. I agree that NEMLORP is justly owed the amount of One Million Four Hundred Thousand ($1,400,000.00) Dollars pursuant to the terms of Exhibit A and subject to the terms of Exhibit B.

4. Accordingly, on behalf of TRIDENT I do hereby confess judgment to Plaintiff NEMLORP in the sum of One Million Four Hundred Thousand ($1,400,000.00) Dollar, subject to the terms of Exhibits A and B.

By:   TRIDENT CONSTRUCTION COMPANY

_____
JOHN DAVID GRIFFITH, Its Vice President

SWORN TO BEFORE ME THIS 21 DAY OF AUGUST, 2009.

_____
NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES: _____

MY COMMISSION EXPIRES
MAY 30, 2016

08-21-2009  11:08   FROM-Trident Construction Company   8437641704   T-192  P.003/005  F-486

## COVENANT NOT TO EXECUTE

This covenant not to execute is entered into by the undersigned pursuant to that agreement attached as Exhibit A and that certain confession of judgment attached as Exhibit B. RELEASORS, as identified in Exhibit A, covenant and agree that the assets sole of Trident Construction Company, Inc. of Charleston ("Trident") available for execution pursuant to the judgment attached as Exhibit B are as follows:

1. Those certain CGL policies issued by Travelers Indemnity Company, Phoenix Insurance Company, and/or St. Paul Fire and Marine Insurance to Trident; and

2. Those certain insurers issuing CGL policies to the subcontracts set forth in paragraph 3 of Exhibit A.

The parties acknowledge that this covenant is, together with Exhibit A, the consideration for Trident's entering into Exhibit B.

IN WITNESS WHEREOF, we have set our hands and seals in the presence of the below-named witnesses on the dates set forth herein below.

IN THE PRESENCE OF:        CAUTION. READ BEFORE SIGNING.
                           THIS IS A FULL, FINAL AND COMPLETE
                           COVENANT NOT TO EXECUTE

_____   _____
                           NEMLORP as RELEASORS

_____

### ATTORNEY'S CERTIFICATE

I, the undersigned attorney for NEMLORP, certify that the contents, meanings and effects of the foregoing Covenant Not to Execute have been fully explained to NEMLORP by me and I have recommended that NEMLORP execute the Covenant for the consideration expressed above.

_____
Walter H. Bundy, Jr., Esquire

08-21-2009   11:09   FROM-Trident Construction Company        8437641704           T-192  P.004/005  F-466

# SETTLEMENT AGREEMENT & RELEASE

1. RELEASORS: NEMLORP, LLC their members, partners and agents, past and present.

2. RELEASEES: Trident Construction Company, Inc. of Charleston ("Trident"), its shareholders, principals, subsidiaries, subcontractors, agents, representatives, Jennings Paint and Glass, Inc. ("Jennings"), and their insurers and sureties but excluding those specifically named infra at paragraph 3.

3. RESERVED PARTIES: Neither RELEASORS or RELEASEE Trident releases claims against, and expressly reserves claims against, subcontractors Ace Services, Spence Construction, Inc., David Allen Company, Inc., Kreber Contracting, Inc., Glasgow Roofing, Inc. (Trident alone has a claim against Glasgow Roofing, Inc.) and their insurers. Travelers Indemnity Company, Phoenix Insurance Company, and St. Paul Fire and Marine Insurance are not released. (collectively the "RESERVED PARTIES")

4. RELEASED CLAIMS: RELEASORS releases RELEASEES from all claims sued upon, to include the rooftop pavers, handrails, granite, limestone, brick, flashings, and plaza, plaza pavers, flashings, and garage, specifically in no way releasing any claims as to the RESERVED PARTIES.

5. CLAIMS RESERVED: RELEASORS specifically reserve their claims concerning the granite, limestone, brick, flashings, plaza, plaza pavers, and garage against Ace Services, Spence Construction, Inc., David Allen Company, Inc., Kreber Contracting, Inc., and their insurers. Trident too reserves its claims set forth above in paragraph 5 together with its claims against Jennings, Ace Services, Spence Construction, Inc., David Allen Company, Inc., Kreber Contracting, Inc., Glasgow Roofing, Inc, and their insurers, and against Travelers Indemnity Company, Phoenix Insurance Company, and St. Paul Fire and Marine Insurance for fees and expenses incurred in this litigation.

1

6. JUDGMENT: Trident, in consideration of the full and complete release of the RELEASED CLAIMS against the RELEASEES, stipulates Judgment (in the form of Exhibit A) against it in the sum of $1.4mm on account of the resulting damage suffered by RELEASORS on account of diminished rent, tenant loss, floor and drywall damage, and expenses associated with the development of these claims. RELEASORS simultaneous herewith covenant not to execute against Trident except to the extent of insurance coverage provide by or on behalf of the RESERVED PARTIES (such covenant to be in the form of Exhibit B).

7. ASSIGNMENT: Trident assigns its claims against the RESERVED PARTIES to RELEASORS except as set forth in paragraph 5 for its defense cost and expense.

8. The signatories further agree to advise the AAA that their case is resolved, that no ruling should be entered, and that the signatories are prepared to move forward with their claims against the bifurcated parties.

9. This agreement and its terms are confidential.

On this 21 day of August 2009.

TRIDENT CONSTRUCTION CO. INC.
OF CHARLESTON:

By _John David Griffith_
Its _Vice President_

NEMLORP:

By _____

Its _____

2

Summons and complaint of within entitled cause received at this office and service accepted in accordance with law this 21 day of Dec 2009

Scott F. Richardson
Director of Insurance
and Attorney to Accept Service
Columbia, SC

**CERTIFIED MAIL**

P.O. BOX 100105
COLUMBIA, S.C. 29202-3105

7009 1680 0000 8417 5530



016H2650759-
$06.32⁰
12/21.2009
Mailed From 29223
US POSTAGE

# CERTIFIED MAIL

# RETURN RECEIPT REQUESTED

## SERVICE OF PROCESS

TRAVELERS INDEMNITY CO
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201-0000